KATHERINE HUGHES *vs.* THE RHODE ISLAND COMPANY.

JUNE 16, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Pleading and Practice.    Petition for New Trial for Newly Discovered Evidence.*

One of the intentions of section 473 of the court and practice act is to provide a remedy within a year for a party who has discovered new evidence too late to make it the ground of a motion for a new trial in the Superior Court, within seven days after the verdict against him; and a party by filing a motion for new trial in the Superior Court, on other grounds, does not forfeit the opportunity of presenting for consideration new evidence which he may afterwards discover.

TRESPASS ON THE CASE for negligence.  Heard on exceptions and petitions of defendant and petition for leave to file in the Superior Court a petition for new trial, for newly discovered evidence, granted.

DOUGLAS, C. J.   These matters, which were heard together, grow out of an action for damages for injuries alleged to have been received by the plaintiff from the negligence of the defendant corporation.

The first proceeding is a bill of exceptions to the refusal of the Superior Court to grant the defendant's motion for a new trial.  The others are a petition for a new trial and a petition for leave to file a new motion for a new trial in the Superior Court.

The exceptions must be overruled, as a careful consideration of the evidence does not show a clear preponderance against the verdict.  The plaintiff's case, however, really depends entirely upon her own testimony and that of her husband.  The testimony of their witness O'Connor is so contradictory in itself, and so inconsistent with his testimony at former trial, and so improbable in many respects, that it seems to us rather to weaken than to fortify the plaintiff's case, and we think that if the defendant had been able to present to the jury the evidence of the conductor, who has been absent from the coun-

try and inaccessible to the defendant until lately, it would have had great influence upon their decision.

We think that this newly discovered evidence is justly presented as a ground for a new trial and should be considered by the proper tribunal. We therefore pass to the consideration of the petitions.

The first petition prays this court to grant a new trial, in the Superior Court, of a case against the petitioner in which verdict was rendered for the plaintiff, and in which, within seven days thereafter, it filed a motion in that court for a new trial, and afterward filed a bill of exceptions in this court to the refusal of the Superior Court to grant said motion. It alleges, as reasons for the prayer, that it has discovered new evidence material to the issue in the case which it could not have procured in time for presentation at the trial, and that for want of this evidence the trial was not full, fair, and impartial.

The second petition asks for leave to file in the Superior Court a motion for a new trial upon the same grounds.

The first petition relies upon the provisions of section 472 of the court and practice act, and the second upon section 473 of the same act, which read as follows:

(1) "SEC. 472. A party or garnishee in any action or proceeding in the superior court in which a trial has been had which was not full, fair, and impartial, may at any time within one year after verdict or decision petition the supreme court for a new trial; and the supreme court may, with or without terms, order a new trial in the superior court.

"SEC. 473. When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or

a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

While the petitioner alleges that it has not had a full trial it is only because of the want of the evidence newly discovered, and this ground for a new trial is one which is specially referred to in section 473. The remedy in this case, therefore, is under the second petition rather than the first.

It is contended by counsel for the respondent, the plaintiff in the original case, that the petitioner, having already moved for a new trial in the Superior Court, and prosecuted a bill of exceptions to the decision of that court upon the motion, is not within the scope of section 473.

The clearness of this section has been sacrificed in an attempt to include in the scope of its provisions very diverse conditions. One of its obvious intentions, however, is to provide a remedy, within a year, for a party who has discovered new evidence too late to make it the ground of a motion for a new trial in the Superior Court within seven days after the verdict against him. It would frustrate the broad remedial intent of the statute if, by filing a motion for a new trial on other grounds, a party were to forfeit the opportunity of presenting for consideration new evidence which he might afterwards discover. We think the words who for "lack of evidence newly discovered, has failed, . . . to file or prosecute a bill of ·exceptions, or motion, or petition for a new trial," must be construed to mean: a person who has failed to prosecute his bill, or motion, or petition, for this cause. The requirement that before filing the proposed motion in the Superior Court it must appear to the Supreme Court that justice requires a revision of the case will doubtless prevent abuse of this provision.

We are of the opinion that a part of the evidence submitted satisfies this requirement, and that a motion for a new trial should be allowed to be filed and prosecuted thereon in the Superior Court. The exceptions are overruled. The first petition is dismissed without prejudice, and the second petition is granted on condition that a motion for a new trial on the ground of newly discovered evidence be filed by the defendant within thirty days. The cause is remanded to the Superior

Court for further proceedings, or for judgment in default of the performance of the condition.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.